UNITED STATES of America,
Plaintiff—Appellee,

v.

Ray Charles SMITH, Defendant—
Appellant.

No. 03–10003.
D.C. No. CR–02–00327–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 13, 2003.

Howard J. Zlotnick, Russell E. Marsh, AUSA, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Jason F. Carr, Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

MEMORANDUM **

Defendant Ray Smith ("Smith") was indicted for interference with commerce by

---

* The Honorable C. Arlen Beam, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

robbery (the "Hobbs Act") (18 U.S.C. § 1951), use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)), and possession of a firearm by a felon (18 U.S.C. §§ 922(g)(1) & 924(a)(2)). The district court dismissed the indictment without prejudice under the anti-shuttling provisions of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.App. 2 §§ 2, art. IV(e) & 9(1). Following re-indictment, a jury convicted Smith on all three counts.

■ Smith appeals the district court's refusal to dismiss his first indictment with prejudice, claiming that the district court failed to consider the effect that one of section 9(1)'s three factors—the "seriousness of the [defendant's] offense"—had on its decision to dismiss without, as opposed to with, prejudice. *Id.* § 9(1). We find no abuse of discretion in the district court's dismissal of the indictment without prejudice. *United States v. Kurt,* 945 F.2d 248, 252 (9th Cir.1991).

The district court discussed section 9(1)'s three-factor standard in its June 7, 2002 Order setting Smith's motion for hearing, and the Government argued the seriousness of Smith's offense at the hearing. Though the district court did not make an express finding to the effect, Smith's offense was, in fact, quite serious. *See, e.g., United States v. Tummolo,* 822 F.Supp. 1561, 1565 (S.D.Fla.1993) (holding that armed robbery and being a felon in possession are "serious offenses" for section 9(1) purposes). Coupled with the district court's findings on the other two section 9(1) factors, dismissal without prejudice was appropriate. *See Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir. 2000) ("[T]he decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is

convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.").

■ Smith also appeals the district court's jury instruction on the interstate commerce element of his Hobbs Act violation. Smith contends that Jury Instruction No. 19 impermissibly eviscerated the requirement that, to establish a Hobbs Act violation, the Government must establish that the robbery had some actual—not merely probable or potential—adverse effect on interstate commerce. This argument is foreclosed by *United States v. Atcheson,* 94 F.3d 1237, 1243 (9th Cir. 1996), where we held that "the jurisdictional requirement is satisfied 'by proof of a probable or potential impact.'"

AFFIRMED.